UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WAYNE KETCHUM, JR.,

    Petitioner,

Case No. 17-12630

v.

HON. AVERN COHN

M.D.O.C. FACILITY WARDEN,

    Respondent.

_____,

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

I.

Before the Court is Michigan prisoner David Wayne Ketchum Jr.'s "Application for Pre-Petition Appointment of Counsel, Leave to Conduct Discovery." (Doc. 1). The application was docketed as a petition for writ of habeas corpus. As will be explained, the application, fails to comply with the rules for filing a habeas petition. Accordingly, the application will be dismissed without prejudice.

II.

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. Woodford v. Garceau, 538 U.S. 202, 208 (2003). Rules 2(c) and (d) of the Rules Governing Section 2254 Cases provide that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief.

Ketchum's application is not in the form of a habeas petition. The Court declines to construe it as such because Ketchum specifically states that he is _not_ filing a habeas corpus petition. See Petition at v-vi, Pg. ID 6-7.[1] As is stands, Ketchum's application does not comply with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases. As such, it is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2017
     Detroit, Michigan

---

[1] Ketchum previously filed a "Pre-petition Application for Appointment of Counsel Motion" which was assigned to another judge in this district. See Ketchum v. Burt, No. 15-cv-12584. In that case, the district court advised Ketchum that a habeas case begins with the filing of an application for habeas corpus relief and allowed him an opportunity to correct the deficiency. He failed to do so and the matter was dismissed without prejudice. See 10/23/15 Order, No. 15-cv-12584 (Doc. 8). The rules have not changed since the dismissal of Ketchum's earlier Pre-petition Application.